JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02267-RGK-SK | Date | July 14, 2020 |
|---|---|---|---|
| Title | *Ronald Weissberger et al. v. Princess Cruise Lines, Ltd.* | | |

Consolidated For Purposes of Motion to Dismiss: *Gleason v. Princess Cruise Lines Ltd*, No. 2:20-CV-02328-RGK-SK; *Kurivial v. Princess Cruise Lines Ltd*, No. 2:20-CV-02361-RGK-SK; *Abitbol v. Princess Cruise Lines Ltd*, No. 2:20-CV-02414-RGK-SK; *Sheedy v. Princess Cruise Lines Ltd*, No. 2:20-CV-02430-RGK-SK; *Austin v. Princess Cruise Lines Ltd*, No. 2:20-CV-02531-RGK-SK; *Jones v. Princess Cruise Lines Ltd*, No. 2:20-CV-02727-RGK-SK; *Mendenhall v. Princess Cruise Lines Ltd*, No. 2:20-CV-02753-RGK-SK; *Jacobsen v. Princess Cruise Lines Ltd*, No. 2:20-CV-02860-RGK-SK; *Lane v. Princess Cruise Lines Ltd*, No. 2:20-CV-02865-RGK-SK; *Chao v. Princess Cruise Lines Ltd*, No. 2:20-CV-03314-RGK-SK; *James v. Princess Cruise Lines Ltd*, No. 2:20-CV-03868-RGK-SK; *Stramel v. Princess Cruise Lines Ltd*, No. 2:20-CV-03960-RGK-SK; *Camara v. Princess Cruise Lines Ltd*, No. 2:20-CV-04250-RGK-SK; *Piasecki v. Princess Cruise Lines Ltd*, No. 2:20-CV-04663-RGK-SK.

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

| Proceedings: | (IN CHAMBERS) Order Re: Defendant's Amended Consolidated Motion to Dismiss [DE 31] |
|---|---|

## I. INTRODUCTION

This case arises out of the COVID-19 outbreak on the *Grand Princess*—a cruise ship operated by Princess Cruise Lines, Ltd. ("Princess Cruises" or "Defendant"). The *Grand Princess* departed out of San Francisco for Hawaii on February 21, 2020, during the early days of the COVID-19 pandemic in America. The ship had 3,533 people on board: 2,422 passengers and 1,111 crew. As of March 6, 46 people on the ship had been tested, and 21 tested positive—numbers which would rise precipitously in the coming weeks.

On March 9, the *Grand Princess* docked at the Port of Oakland. That same day, Plaintiffs Ronald and Eva Weissberger ("the Weissbergers"), still on the ship, filed this lawsuit against Princess Cruises, alleging negligence and gross negligence. Although the Weissbergers did not test positive for SARS-CoV-2 or suffer symptoms of COVID-19, they seek to recover emotional distress damages based on their fear of contracting COVID-19 while quarantined on the ship, as well as punitive damages.

Over the ensuing months, numerous lawsuits against Princess Cruises followed. A large portion of these lawsuits are virtually identical to that filed by the Weissbergers. These cases (the "Fear Cases") involve plaintiffs who seek to recover based on their fear of contracting COVID-19 while on the ship; they did not test positive for the virus or manifest symptoms of COVID-19.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02267-RGK-SK | Date | July 14, 2020 |
|---|---|---|---|
| Title | *Ronald Weissberger et al. v. Princess Cruise Lines, Ltd.* | | |

Consolidated For Purposes of Motion to Dismiss: *Gleason v. Princess Cruise Lines Ltd*, No. 2:20-CV-02328-RGK-SK; *Kurivial v. Princess Cruise Lines Ltd*, No. 2:20-CV-02361-RGK-SK; *Abitbol v. Princess Cruise Lines Ltd*, No. 2:20-CV-02414-RGK-SK; *Sheedy v. Princess Cruise Lines Ltd*, No. 2:20-CV-02430-RGK-SK; *Austin v. Princess Cruise Lines Ltd*, No. 2:20-CV-02531-RGK-SK; *Jones v. Princess Cruise Lines Ltd*, No. 2:20-CV-02727-RGK-SK; *Mendenhall v. Princess Cruise Lines Ltd*, No. 2:20-CV-02753-RGK-SK; *Jacobsen v. Princess Cruise Lines Ltd*, No. 2:20-CV-02860-RGK-SK; *Lane v. Princess Cruise Lines Ltd*, No. 2:20-CV-02865-RGK-SK; *Chao v. Princess Cruise Lines Ltd*, No. 2:20-CV-03314-RGK-SK; *James v. Princess Cruise Lines Ltd*, No. 2:20-CV-03868-RGK-SK; *Stramel v. Princess Cruise Lines Ltd*, No. 2:20-CV-03960-RGK-SK; *Camara v. Princess Cruise Lines Ltd*, No. 2:20-CV-04250-RGK-SK; *Piasecki v. Princess Cruise Lines Ltd*, No. 2:20-CV-04663-RGK-SK.

On June 9, 2020, Defendant filed the present Motion to Dismiss the Fear Cases. For the following reasons the Court **GRANTS** Defendant's Motion.

## II. FACTUAL BACKGROUND

Plaintiffs' Complaints allege the following:

Plaintiffs were passengers aboard the *Grand Princess*. Defendant, as the operator of the *Grand Princess*, owed a duty to Plaintiffs to ensure that they would not be exposed to unreasonable risk of harm. Defendant breached this duty by failing to take necessary precautions to keep its passengers, crew, and the public safe. For example, when the *Grand Princess* embarked for Hawaii on February 21, there were 62 passengers on board who had also been on the ship's prior voyage to Mexico. Defendant knew that at least two of the passengers on the Mexico voyage disembarked on February 21 with symptoms of COVID-19. Indeed, on February 25, Defendant sent emails to passengers who were on the Mexico voyage notifying them of their potential exposure to COVID-19. Nevertheless, Defendant proceeded with the Hawaii voyage, despite the risk of further infection on the ship. Defendant also failed to warn Plaintiffs about their potential exposure to the virus.

Defendant also failed to employ proper screening protocols for COVID-19 before boarding on the Hawaii voyage. Before boarding on February 21, passengers were simply asked to fill out a form confirming they were not sick. Passengers were not questioned or examined, even though another one of Defendant's ships, the *Diamond Princess*, suffered a severe outbreak of COVID-19 three weeks prior.

As a result of Defendant's negligence, Plaintiffs suffered emotional distress and were traumatized by their fear of contracting COVID-19 as they remained quarantined on the *Grand Princess*. Plaintiffs seek punitive damages for Defendant's gross negligence.

## III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02267-RGK-SK | Date | July 14, 2020 |
|---|---|---|---|
| Title | *Ronald Weissberger et al. v. Princess Cruise Lines, Ltd.* | | |

Consolidated For Purposes of Motion to Dismiss: *Gleason v. Princess Cruise Lines Ltd*, No. 2:20-CV-02328-RGK-SK; *Kurivial v. Princess Cruise Lines Ltd*, No. 2:20-CV-02361-RGK-SK; *Abitbol v. Princess Cruise Lines Ltd*, No. 2:20-CV-02414-RGK-SK; *Sheedy v. Princess Cruise Lines Ltd*, No. 2:20-CV-02430-RGK-SK; *Austin v. Princess Cruise Lines Ltd*, No. 2:20-CV-02531-RGK-SK; *Jones v. Princess Cruise Lines Ltd*, No. 2:20-CV-02727-RGK-SK; *Mendenhall v. Princess Cruise Lines Ltd*, No. 2:20-CV-02753-RGK-SK; *Jacobsen v. Princess Cruise Lines Ltd*, No. 2:20-CV-02860-RGK-SK; *Lane v. Princess Cruise Lines Ltd*, No. 2:20-CV-02865-RGK-SK; *Chao v. Princess Cruise Lines Ltd*, No. 2:20-CV-03314-RGK-SK; *James v. Princess Cruise Lines Ltd*, No. 2:20-CV-03868-RGK-SK; *Stramel v. Princess Cruise Lines Ltd*, No. 2:20-CV-03960-RGK-SK; *Camara v. Princess Cruise Lines Ltd*, No. 2:20-CV-04250-RGK-SK; *Piasecki v. Princess Cruise Lines Ltd*, No. 2:20-CV-04663-RGK-SK.

to dismiss the claim under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**IV.   DISCUSSION**

Defendant argues that Plaintiffs fail to state a claim for negligence or gross negligence because they fail to allege that they were in the "zone of danger" for contracting COVID-19. Alternatively, Defendant contends that Plaintiffs fail to state a claim because they do not allege that their emotional distress manifested in any physical symptoms. Finally, Defendant moves to dismiss or strike Plaintiffs' request for punitive damages.

    **A.   Plaintiffs' Negligence Claims Are Properly Construed as Claims for Negligent Infliction of Emotional Distress**

As an initial matter, the Court finds that Plaintiffs' claims for negligence and gross negligence are, in fact, claims for negligent infliction of emotional distress ("NIED"). In their Complaints, "Plaintiffs do not specify any physical harm for which they seek recovery[.]" *Negron v. Celebrity Cruises, Inc.*, 360 F. Supp. 3d. 1358, 1361 (S.D. Fla. 2018) (holding that plaintiff's negligence claim was really a claim for NIED because the plaintiff alleged emotional distress and mental anguish but no

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02267-RGK-SK | Date | July 14, 2020 |
|---|---|---|---|
| Title | *Ronald Weissberger et al. v. Princess Cruise Lines, Ltd.* | | |

Consolidated For Purposes of Motion to Dismiss: *Gleason v. Princess Cruise Lines Ltd*, No. 2:20-CV-02328-RGK-SK; *Kurivial v. Princess Cruise Lines Ltd*, No. 2:20-CV-02361-RGK-SK; *Abitbol v. Princess Cruise Lines Ltd*, No. 2:20-CV-02414-RGK-SK; *Sheedy v. Princess Cruise Lines Ltd*, No. 2:20-CV-02430-RGK-SK; *Austin v. Princess Cruise Lines Ltd*, No. 2:20-CV-02531-RGK-SK; *Jones v. Princess Cruise Lines Ltd*, No. 2:20-CV-02727-RGK-SK; *Mendenhall v. Princess Cruise Lines Ltd*, No. 2:20-CV-02753-RGK-SK; *Jacobsen v. Princess Cruise Lines Ltd*, No. 2:20-CV-02860-RGK-SK; *Lane v. Princess Cruise Lines Ltd*, No. 2:20-CV-02865-RGK-SK; *Chao v. Princess Cruise Lines Ltd*, No. 2:20-CV-03314-RGK-SK; *James v. Princess Cruise Lines Ltd*, No. 2:20-CV-03868-RGK-SK; *Stramel v. Princess Cruise Lines Ltd*, No. 2:20-CV-03960-RGK-SK; *Camara v. Princess Cruise Lines Ltd*, No. 2:20-CV-04250-RGK-SK; *Piasecki v. Princess Cruise Lines Ltd*, No. 2:20-CV-04663-RGK-SK.

physical harm). Instead, Plaintiffs seek to recover damages only for their "emotional distress" and the "trauma[]" they suffered "from the fear of developing COVID-19" while on the ship. (Compl. ¶ 22, ECF No. 1.) "That is a claim for negligent infliction of emotional distress." *Negron*, 360 F. Supp. 3d. at 1361. The Court will thus construe Plaintiffs' claims as such.

**B.   Plaintiffs Fail to Satisfy the Zone of Danger Test**

The parties appear to agree that "[t]he sufficiency of the [C]omplaint is governed by the general maritime law of the United States." *Stacy v. Rederiet Otto Danielsen, A.S.*, 609 F.3d 1033, 1035 (9th Cir. 2010) (citing *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1409 (9th Cir. 1994)). Under federal maritime law, a plaintiff seeking to recover for NIED must satisfy the zone of danger test set forth in *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532 (1994). *Stacy*, 609 F.3d at 1035.

In *Gottshall*, the Supreme Court explained that when a plaintiff seeks to recover for negligently inflicted emotional injury, the plaintiff must satisfy the zone of danger test. *Gottshall*, 512 U.S. at 556. This test limits recovery for emotional injury to two categories of plaintiffs: (1) "plaintiffs who sustain a **physical impact** as a result of a defendant's negligent conduct"; and (2) plaintiffs "who are placed in **immediate risk of physical harm** by that conduct." *Id.* at 547–48 (emphasis added).

To satisfy the first prong of the zone of danger test, a plaintiff must allege that their emotional distress accompanies a "physical impact." The Supreme Court examined this physical-impact requirement in *Metro-North Commuter R. Co. v. Buckley*, 521 U.S. 424 (1997). In that case, Buckley, a railroad worker who was exposed to insulation dust containing asbestos, brought a claim under the Federal Employers' Liability Act ("FELA") for NIED based on his fear of developing cancer and asbestosis. The "critical question" before the Court was whether Buckley's physical contact with the insulation dust amounted to a "physical impact" under *Gottshall*. *Id.* at 429. The Court held that it was not. The Court held that the words "physical impact" as used in *Gottshall* do *not* encompass mere "exposure…to a substance that poses some future risk of disease and which causes only emotional distress[.]" *Id.* at 432. Instead, to recover, a plaintiff must manifest some symptom of the feared disease. *Id.* at 427. The Court explained that restricting recovery in this way was appropriate for several reasons, including (1) the special difficulty for judges and juries in separating valid, important claims from those that are invalid or trivial; (2) the threat of unlimited and unpredictable liability; and (3) the potential

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02267-RGK-SK | Date | July 14, 2020 |
|---|---|---|---|
| Title | *Ronald Weissberger et al. v. Princess Cruise Lines, Ltd.* | | |

Consolidated For Purposes of Motion to Dismiss: *Gleason v. Princess Cruise Lines Ltd*, No. 2:20-CV-02328-RGK-SK; *Kurivial v. Princess Cruise Lines Ltd*, No. 2:20-CV-02361-RGK-SK; *Abitbol v. Princess Cruise Lines Ltd*, No. 2:20-CV-02414-RGK-SK; *Sheedy v. Princess Cruise Lines Ltd*, No. 2:20-CV-02430-RGK-SK; *Austin v. Princess Cruise Lines Ltd*, No. 2:20-CV-02531-RGK-SK; *Jones v. Princess Cruise Lines Ltd*, No. 2:20-CV-02727-RGK-SK; *Mendenhall v. Princess Cruise Lines Ltd*, No. 2:20-CV-02753-RGK-SK; *Jacobsen v. Princess Cruise Lines Ltd*, No. 2:20-CV-02860-RGK-SK; *Lane v. Princess Cruise Lines Ltd*, No. 2:20-CV-02865-RGK-SK; *Chao v. Princess Cruise Lines Ltd*, No. 2:20-CV-03314-RGK-SK; *James v. Princess Cruise Lines Ltd*, No. 2:20-CV-03868-RGK-SK; *Stramel v. Princess Cruise Lines Ltd*, No. 2:20-CV-03960-RGK-SK; *Camara v. Princess Cruise Lines Ltd*, No. 2:20-CV-04250-RGK-SK; *Piasecki v. Princess Cruise Lines Ltd*, No. 2:20-CV-04663-RGK-SK.

a flood of comparatively unimportant, or trivial claims. *Id.* at 433. The Supreme Court reaffirmed *Metro-North*'s holding in *Norfolk & Western Ry. Co. v. Ayers*, 538 U.S. 135 (2003), where it found that plaintiffs who actually contracted asbestosis and manifested symptoms had sustained a physical impact under the *Gottshall* test and could recover for their fear of developing cancer in the future. *Id.* at 141.

To recover under the second prong of the zone of danger test, a plaintiff must allege that the defendant's negligent conduct placed plaintiff in immediate risk of physical harm. Such claims typically attend "near-miss" collision cases. *See, e.g., Stacy*, 609 F.3d at 1034–35 (holding that plaintiff was in the zone of danger when he was aboard a fishing vessel that narrowly avoided colliding with another vessel). However, this category of claims has also been extended to other contexts. *See, e.g., Russo v. APL Marine Servs., Ltd.*, F. Supp. 3d 1089, 1098 (C.D. Cal. 2015), *aff'd*, 694 F. App'x 585 (9th Cir. 2017) (denying summary judgment on plaintiff's NIED claim where plaintiff alleged that she feared an immediate risk of physical harm as a result of sexual harassment by the ship's captain). In *Gottshall*, the Supreme Court "did not supply guidance on how to analyze when a plaintiff is in immediate risk of physical harm[.]" *Id.* However, "the Second Circuit has said that 'the risk of physical harm to plaintiff must be, at the very least, more than minimal.'" *Id.* (quoting *Nelson v. Metro–North Commuter R.R.*, 235 F.3d 101, 113 (2d Cir. 2000)).

Here, Plaintiffs assert that they seek to recover only under the second prong of the zone of danger test. According to Plaintiffs, because they are proceeding under the second prong, they need not demonstrate that they manifest symptoms of COVID-19, as required by *Metro-North*. Instead, it is sufficient that they experienced a "near miss" with the disease.

On the other hand, Defendant contends that *Metro-North* categorically bars Plaintiffs' claims, regardless of what prong of the zone of danger test they proceed under. Defendant asserts that *Metro-North* stands for the broad holding that to recover on a disease-based emotional-distress claim, the plaintiff must allege either that they contracted the disease or that they exhibit symptoms of it.

The Court agrees that, under *Metro-North*, the Plaintiffs in this case cannot recover for NIED based solely on their proximity to individuals with COVID-19 and resulting fear of contracting the disease. For one, Plaintiffs' proposed reading of *Metro-North* would lead to bizarre results. Under *Metro-North*, a passenger aboard the *Grand Princess* who was merely exposed to an individual with

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02267-RGK-SK | Date | July 14, 2020 |
|---|---|---|---|
| Title | *Ronald Weissberger et al. v. Princess Cruise Lines, Ltd.* | | |

Consolidated For Purposes of Motion to Dismiss: *Gleason v. Princess Cruise Lines Ltd*, No. 2:20-CV-02328-RGK-SK; *Kurivial v. Princess Cruise Lines Ltd*, No. 2:20-CV-02361-RGK-SK; *Abitbol v. Princess Cruise Lines Ltd*, No. 2:20-CV-02414-RGK-SK; *Sheedy v. Princess Cruise Lines Ltd*, No. 2:20-CV-02430-RGK-SK; *Austin v. Princess Cruise Lines Ltd*, No. 2:20-CV-02531-RGK-SK; *Jones v. Princess Cruise Lines Ltd*, No. 2:20-CV-02727-RGK-SK; *Mendenhall v. Princess Cruise Lines Ltd*, No. 2:20-CV-02753-RGK-SK; *Jacobsen v. Princess Cruise Lines Ltd*, No. 2:20-CV-02860-RGK-SK; *Lane v. Princess Cruise Lines Ltd*, No. 2:20-CV-02865-RGK-SK; *Chao v. Princess Cruise Lines Ltd*, No. 2:20-CV-03314-RGK-SK; *James v. Princess Cruise Lines Ltd*, No. 2:20-CV-03868-RGK-SK; *Stramel v. Princess Cruise Lines Ltd*, No. 2:20-CV-03960-RGK-SK; *Camara v. Princess Cruise Lines Ltd*, No. 2:20-CV-04250-RGK-SK; *Piasecki v. Princess Cruise Lines Ltd*, No. 2:20-CV-04663-RGK-SK.

COVID-19 could only recover under the first prong of the zone of danger test if they either contracted COVID-19 or manifested symptoms of it. Yet under Plaintiffs' proposed interpretation, that same passenger *could* recover without manifesting any symptoms whatsoever so long as they cleverly pled their claim under the second prong of the test. This result is nonsensical and "means that it would be possible to sneak in through the back door what the Court [in *Metro-North*] expressly forb[ade] from coming in through the front." (Reply at 2–3, ECF No. 33.) In short, the exception would swallow the rule.

The public policy concerns identified in *Gottshall* (and reiterated in *Metro-North*) further support the Court's conclusion. In *Gottshall*, the Supreme Court acknowledged that "the potential for a flood of trivial suits, the possibility of fraudulent claims that are difficult for judges and juries to detect, and the specter of unlimited and unpredictable liability" were "well-founded" concerns that informed the Court's decision to limit liability by NIED plaintiffs. *Gottshall*, 512 U.S. at 557. If this Court were to adopt the rule invited by Plaintiffs, this would inevitably lead to the scenario the Court in *Gottshall* was trying to avoid. Indeed, given the prevalence of COVID-19 in today's world,[1] Plaintiffs' proposed rule would lead to a flood of trivial suits, and open the door to unlimited and unpredictable liability. *See also Metro-North*, 521 U.S. at 433–34 (emphasizing the "difficulty of separating valid from invalid emotional injury claims" as a reason for limiting the recovery of exposure-only plaintiffs.")

To be sure, Plaintiffs argue that concerns of unlimited liability are overblown. Plaintiffs aver that here Defendant had experience with the disease outbreak on two of its prior sailings, knew how fast the virus could spread among passengers, yet consciously decided to sail knowing the virus was on its ship. Plaintiffs contrast this scenario with "restaurants, shops and the like [which] are not inviting the public in with the knowledge of the virus circulating on their properties." (Opp. at 7, ECF No. 32.) According to Plaintiffs, "[n]o other business has experienced the kind of widespread outbreak of this disease other than cruise lines, beginning with Defendant's outbreak on the *Diamond Princess*, followed by the two

---

[1] As of July 14, 2020, there have been approximately 3 million confirmed cases of COVID-19 in the United States. Centers for Disease Control, *Coronavirus Disease 2019 (COVID-19)*, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last visited July 14, 2020).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02267-RGK-SK | Date | July 14, 2020 |
|---|---|---|---|
| Title | *Ronald Weissberger et al. v. Princess Cruise Lines, Ltd.* | | |

Consolidated For Purposes of Motion to Dismiss: *Gleason v. Princess Cruise Lines Ltd*, No. 2:20-CV-02328-RGK-SK; *Kurivial v. Princess Cruise Lines Ltd*, No. 2:20-CV-02361-RGK-SK; *Abitbol v. Princess Cruise Lines Ltd*, No. 2:20-CV-02414-RGK-SK; *Sheedy v. Princess Cruise Lines Ltd*, No. 2:20-CV-02430-RGK-SK; *Austin v. Princess Cruise Lines Ltd*, No. 2:20-CV-02531-RGK-SK; *Jones v. Princess Cruise Lines Ltd*, No. 2:20-CV-02727-RGK-SK; *Mendenhall v. Princess Cruise Lines Ltd*, No. 2:20-CV-02753-RGK-SK; *Jacobsen v. Princess Cruise Lines Ltd*, No. 2:20-CV-02860-RGK-SK; *Lane v. Princess Cruise Lines Ltd*, No. 2:20-CV-02865-RGK-SK; *Chao v. Princess Cruise Lines Ltd*, No. 2:20-CV-03314-RGK-SK; *James v. Princess Cruise Lines Ltd*, No. 2:20-CV-03868-RGK-SK; *Stramel v. Princess Cruise Lines Ltd*, No. 2:20-CV-03960-RGK-SK; *Camara v. Princess Cruise Lines Ltd*, No. 2:20-CV-04250-RGK-SK; *Piasecki v. Princess Cruise Lines Ltd*, No. 2:20-CV-04663-RGK-SK.

outbreaks on the *Grand Princess*, resulting in significant illness and even death. No other business has experienced such a catastrophe." (*Id.*)

The Court disagrees that fears of unlimited liability are overblown and declines to carve out the cruise-ship industry from *Metro-North*'s mandate. The risk of exposing individuals to COVID-19 is not unique to cruise ships—quite the contrary, in fact, as restaurants, bars, churches, factories, nursing homes, prisons, and other establishments across the country continue to report COVID-19 cases. It is true that cruise-ship goers are a captive audience in a way that is not the case in other contexts. But this alone does not warrant creating a "cruise-ship exception" to the zone of danger test. What of an individual who is exposed to COVID-19 while imprisoned? The individual is "captive" in a more extreme sense than a person on a cruise ship. And the prison exerts more control over the environment than a cruise-ship operator. Setting aside concerns with qualified immunity, the Eleventh Amendment, and the like, can a prisoner recover for NIED against the prison based solely on their proximity to individuals with COVID-19 and their fear of contracting the virus? Based on *Gottshall* and *Metro-North*, the answer appears to be "no" for all of the reasons discussed above.

Also, carving out an exception to *Metro-North* would seem at odds with the Court's holding that case-by-case determinations of negligence are not an adequate guard against unlimited and unpredictable liability. *See Metro-North*, 521 U.S. at 436. That is why the Supreme Court imposed a categorical, threshold rule on Buckley's ability to recover for his exposure to insulation dust containing asbestos, *even though* his employer in fact "conceded negligence." *Id.* at 427. As explained by the Court: "just as courts must interpret th[e] law to take proper account of the harms suffered by a sympathetic individual plaintiff, so they must consider the general impact, on workers as well as employers, of the general liability rules they would thereby create. Here the relevant question concerns not simply recovery in an individual case, but the consequences and effects of *a rule of law that would permit that recovery*." *Id.* at 438 (emphasis in original).

Accordingly, the Court finds that Plaintiffs fail to state a claim because they fail to allege that they were within the zone of danger. As Plaintiffs have disembarked the *Grand Princess*, there is no longer a risk of contracting COVID-19 on the ship. The Court thus grants Defendant's Motion with prejudice, as leave to amend would be futile. *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02267-RGK-SK | Date | July 14, 2020 |
|---|---|---|---|
| Title | *Ronald Weissberger et al. v. Princess Cruise Lines, Ltd.* | | |

Consolidated For Purposes of Motion to Dismiss: *Gleason v. Princess Cruise Lines Ltd*, No. 2:20-CV-02328-RGK-SK; *Kurivial v. Princess Cruise Lines Ltd*, No. 2:20-CV-02361-RGK-SK; *Abitbol v. Princess Cruise Lines Ltd*, No. 2:20-CV-02414-RGK-SK; *Sheedy v. Princess Cruise Lines Ltd*, No. 2:20-CV-02430-RGK-SK; *Austin v. Princess Cruise Lines Ltd*, No. 2:20-CV-02531-RGK-SK; *Jones v. Princess Cruise Lines Ltd*, No. 2:20-CV-02727-RGK-SK; *Mendenhall v. Princess Cruise Lines Ltd*, No. 2:20-CV-02753-RGK-SK; *Jacobsen v. Princess Cruise Lines Ltd*, No. 2:20-CV-02860-RGK-SK; *Lane v. Princess Cruise Lines Ltd*, No. 2:20-CV-02865-RGK-SK; *Chao v. Princess Cruise Lines Ltd*, No. 2:20-CV-03314-RGK-SK; *James v. Princess Cruise Lines Ltd*, No. 2:20-CV-03868-RGK-SK; *Stramel v. Princess Cruise Lines Ltd*, No. 2:20-CV-03960-RGK-SK; *Camara v. Princess Cruise Lines Ltd*, No. 2:20-CV-04250-RGK-SK; *Piasecki v. Princess Cruise Lines Ltd*, No. 2:20-CV-04663-RGK-SK.

### C. Whether Physical Manifestation of Emotional Distress is Required

Defendant also argues that Plaintiffs' claims fail because Plaintiffs do not allege any physical manifestations of their emotional distress. The Court need not address this argument, however, as the Court has already dismissed Plaintiffs' claims for failure to allege that they were within the zone of danger. Similarly, the Court need not address Defendant's argument regarding punitive damages.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion.

**IT IS SO ORDERED.**

:
_____

Initials of Preparer

_____